**ORDERED SEALED BY COURT**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**'08 MJ 0805**

| UNITED STATES OF AMERICA, | ) | MAGISTRATE CASE NO. _____ |
|---|---|---|
| Plaintiff, | ) | COMPLAINT FOR VIOLATION OF: |
| v. | ) | Title 18 U.S.C. § 2252(a)(4)(B) - Possession of images of Children Engaged in Sexually Explicit Conduct |
| LAWRENCE LESTER NIXON, | ) | |
| Defendant. | ) | |

The undersigned Complainant, being duly sworn, states:

On or about and between May 13, 2006 and August 6, 2007, within the Southern District of California, defendant LAWRENCE LESTER NIXON, did knowingly possess one or more matters, that is, computer hard drive(s) and computer media containing digital and computer images which contained visual depictions, that had been mailed, shipped and transported in interstate and foreign commerce, and which were produced using materials which have been mailed, shipped and transported in interstate and foreign commerce, by any means including by computer, the production of which involved the use of a minor engaging in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2), and which visual depictions were of such conduct; in violation of Title 18, United States Code, Section 2252(a)(4)(B).

And the complainant states that this complaint is based on the attached Statement of Facts incorporated herein by reference.

_____
Lester R. Hayes, Jr.
Special Agent, ICE

Sworn to me and subscribed in my presence this 14th day of March, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

## STATEMENT OF FACTS

I am a Special Agent with the Department of Homeland Security, Immigration and Customs Enforcement (ICE), assigned to the Special Agent in Charge in San Diego, CA. I have been so employed since February 2001. I have been employed as a federal agent for approximately seven years. Prior to my current assignment, I was a Special Agent with the United States Customs Service (USCS), assigned to Operation Alliance for six years. Operation Alliance is a federal task force initiated to combat the illegal importation of narcotics. My duties included, but were not limited to, investigating narcotics trafficking, performing as an undercover agent and being trained to testify as a narcotics expert witness. Previous to my employment with the USCS, I was employed as a Police Officer with the City of Virginia Beach Virginia Police Department (VBPD) for approximately six years. During my tenure with VBPD, I investigated various violations of city and state law to include traffic violations, narcotic investigations, domestic violence investigations, larcenies, robberies, as well as assisting with rape and murder investigations. As part of my current duties as an ICE agent, I investigate criminal violations relating to child exploitation and child pornography including violations pertaining to the illegal production, distribution, receipt, and possession of child pornography, in violation of 18 U.S.C. §§ 2252(a) and 2252A. I have received training in the area of child pornography and child exploitation, and have had the opportunity to observe and review numerous examples of child pornography (as defined in 18 U.S.C. § 2256) in all forms of media including computer media. This complaint is based on my own investigation as well as information received from other law enforcement officers.

1     Starting in or about October 2005, agents from the Department of Homeland Security
2 (DHS) Immigration and Customs Enforcement (ICE) in conjunction with the U.S. Attorney's
3 Office from the District of New Jersey investigated a commercial website titled "illegal CP" at URL
4 of http://hualama.cjb.net/, accessible via the Internet at that time through another web page
5 located at a URL of http://deadundead.info/main.html, which was accessible via the Internet.
6 Upon examination of the contents of the website, ICE agents determined that it contained
7 thousands of what appeared to be images of child pornography. The website contained both still
8 images and videos of child pornography, and offered the purchase of additional videos through the
9 website. Over the course of the investigation, agents served numerous search warrants on
10 computer servers utilized by the operators of the illegal CP website to obtain payment information
11 from subscribers, and were able to identify hundreds of subscribers to the commercial website. The
12 results of these warrants located names, addresses, and credit card information for numerous
13 subscribers to the illegal CP website. Subsequent subpoenas of credit card records revealed
14 purchases to the illegal CP website was referenced on the credit cards statements with the term
15 "ADSOFT".
16     In or about May 2006, I learned from ICE that an individual named Lawrence Lester Nixon
17 successfully purchased access on or about May 13, 2006 to the illegal CP website that allowed him
18 to access, download, and distribute thousands of images of child pornography. NIXON used a San
19 Diego County Credit Union Visa card with account number 4337 9700 0068 3540 to make the
20 purchase to the illegal CP website. NIXON provided an address of 12848 Casa Court, Poway, CA
21 with a zip code of 92064 with the purchase. Subpoenaed credit card records obtained on February 9,
22 2007, for Visa card number 4337 9700 0068 3540 corresponded to a San Diego County Credit
23 Union credit card for primary account holder NIXON, with address: 12848 Casa Court, Poway,
24 CA 92064. A review of the provided bank statements revealed a purchase on Nixon's account on
25 May 13, 2006 for ADSOFT.
26
27
28

1    On August 6, 2007, ICE agents and other members of the Internet Crimes Against
2 Children Task Force executed a federal search warrant at NIXON's residence and located several
3 computers, one of which contained child pornography images and videos. A brief description of
4 several of the child pornography images and videos follows.
5
6    1. An image entitled "small19_3[1]. Jpg", depicts two pre-pubescent females, approximately 6
7       years of age, lying on their backs, completely naked, with their legs spread apart as if forming
8       the letter V, exposing their vaginas and anuses, both girls are using their fingers to spread the
9       labium's of their vaginas so that the inside of the vagina is showing for the camera.
10
11   2. A video entitled "DC28.mpeg" is approximately 2 minutes and 37 seconds in length and
12      depicts a pre-pubescent female, approximately 6 to 7 years of age, wearing a gown/shirt with no
13      panties, the clothing is pulled up by the adult male to expose the child's naked buttocks and
14      vagina. The adult male takes his erect adult penis and inserts it inside the child's anus and
15      vagina. The male later takes his penis out of the child's anus, and the child then inserts the
16      erect adult penis into her mouth repeatedly.
17
18   3. A video entitled "anya_02[1].mpg" is approximately 59 seconds in length and depicts a
19      pre-pubescent female, approximately 10 years of age, with a male penis in her right hand,
20      continuously inserting the adult male penis into her mouth. The child then leads the adult
21      male into a bedroom and begins to fondle his penis with her hands.
22
23   Subsequent to the execution of the search warrant, NIXON was interviewed. He was
24 advised that he was free to leave at anytime and was under no obligation to speak with agents. The
25 interview was recorded. During the interview, NIXON admitted to purchasing subscriptions to at
26 least three child pornography websites, but stated he no longer had an active membership. He further
27
28

1  stated that he was upset as to how easy it was to obtain the images and he was going to write a paper
2  on how easy it was.  He later stated he was unsure how people would react to his findings so he
3  decided against it.  He repeatedly apologized for his previous actions and stated he knew it was
4  wrong to possess the images.

5                                  **Request for Sealing**

6         It is further respectfully requested that this Court issue an Order sealing, until further
7  order of this Court, all papers submitted in support of this complaint, including the probable cause
8  statement and arrest warrant.   Sealing is necessary because premature disclosure of the contents
9  of this probable cause statement and related documents may cause the defendant to flee and may
10 cause destruction of evidence and may have a negative impact on this continuing investigation.

                                             _____
                                             Lester R. Hayes, Jr.
                                             Special Agent, ICE

**Request for Sealing**

It is further respectfully requested that this Court issue an Order sealing, until further order of this Court, all papers submitted in support of this complaint, including the probable cause statement and arrest warrant. Sealing is necessary because premature disclosure of the contents of this probable cause statement and related documents may cause the defendant to flee and may cause destruction of evidence and may have a negative impact on this continuing investigation.

_____
Lester R. Hayes, Jr.
Special Agent, ICE